THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LAWRENCE PARADISO, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, Kings County, December 27, 1929.

*William Kerwick*, for the appellant.

*Richard S. Newcombe*, for the respondent.

KERNOCHAN, P. J. This is an appeal from two judgments convicting the appellant (1) of operating a sight-seeing bus without having obtained a public hack driver's license; (2) of operating a sight-seeing bus without having obtained a public hack license. The complaints are violations of chapter 14 of article 8 of the New York Code of Ordinances.

To sustain the judgments it is necessary to prove that the vehicle the appellant was operating was a public hack. The ordinance (§ 80) defines a public hack as follows: " A vehicle plying for hire, for which public patronage is solicited upon the street; any vehicle carrying passengers for hire, operating from or in a railroad station or steamship landing."

In my opinion, there is no evidence to prove: 1. That the vehicle was plying for hire for which public patronage was solicited upon the streets.                                                                                                   )

2. That the vehicle was carrying passengers for hire operating from or in a railroad station or steamship landing.

The necessity for such evidence is pointed out in the case of *People* v. *Cuneen* (94 Misc. 509, at p. 523).

Judgment must, therefore, be reversed on the law and the facts and a new trial ordered.

FETHERSTON, J., concurs.

HERBERT, J. (dissenting). I dissent. The presence of the appellant driving a bus in the public street in which bus there were two persons, called " passengers " by the appellant is sufficient, in my opinion, to make a *prima facie* case. The defense relied solely upon the testimony of the appellant. He says that he was " sent to 135th Street and Rockaway Beach Boulevard, some party wanted to hire a parlor car and I was sent out there for them to see the bus," but he does not explain the absence of this " party " who might have assisted the appellant. He says that " two people asked to take them," but he fails to produce the " two people " to show that they were not passengers for hire. I think this was necessary in view of the fact that I am of the opinion that a *prima facie* case was made against the appellant.

I vote to affirm.